RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0221P (6th Cir.)
File Name: 04a0221p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JIMMIE L. HOWARD,
  *Plaintiff-Appellant,*

  *v.*

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

  *Defendant-Appellee.*

No. 02-2058

———————————

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-70098—Robert H. Cleland, District Judge.

Argued: January 29, 2004

Decided and Filed: July 12, 2004

Before: MARTIN and MOORE, Circuit Judges; WEBER,
Senior District Judge.[*]

———————————

[*] The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

———————————

## COUNSEL

**ARGUED:** Lewis M. Seward, SEWARD, TALLY & PIGGOTT, Bay City, Michigan, for Appellant. Edward P. Studzinski, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee. **ON BRIEF:** Lewis M. Seward, SEWARD, TALLY & PIGGOTT, Bay City, Michigan, for Appellant. Edward P. Studzinski, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

———————————

## OPINION

———————————

BOYCE F. MARTIN, JR., Circuit Judge. Jimmie Howard appeals from the district court's denial of his request for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in this social security benefits action. Because we conclude that the district court erred in finding that the Commissioner of Social Security's position was "substantially justified," we REVERSE and REMAND for a determination of whether the fees requested were reasonable under the Act.

I.

Howard applied for supplemental income disability benefits in March 1995 under Title II of the Social Security Act, claiming that she became disabled as of December 1994 as a result of back pain. Upon review of the evidence, the administrative law judge denied Howard's application for disability benefits. Specifically, the administrative law judge discredited much of Howard's subjective assessments of her condition as well as the assessments of one of her treating physicians, Dr. Levin, finding his assessments "grossly

restrictive" and based on "scanty factors." The administrative law judge then posed two hypothetical questions to the vocational expert. In the first, he asked whether any jobs existed in the region for a person having the limitations as described by Howard. The vocational expert testified that there were not any jobs available for a person having the limitations that Howard described. Because the administrative law judge found Howard's subjective assessments less than credible, he posed a second hypothetical question to the vocational expert. The hypothetical was reformulated to include only those limitations that the administrative law judge found were substantiated by the medical and testimonial evidence.

Given the new limitations, the vocational expert testified that there were a number of jobs available for a person with the described limitations. Thus, the administrative law judge, applying the sequential review process, found that Howard was not disabled because she could perform a significant number of jobs despite her impairments. Although the administrative law judge found that Howard had the "severe impairments of degenerative disc disease and osteoarthritis, as well as a major depressive disorder," the administrative judge found that she possessed the residual functional capacity to "perform limited ranges of light, medium and heavy unskilled work." The Appeals Council denied review, making the administrative law judge's opinion the final decision of the Commissioner.

Thereafter, Howard sought review of the Commissioner's decision in the United States District Court for the Eastern District of Michigan, pursuant to 42 U.S.C. § 405(g). The magistrate found that substantial evidence supported the Commissioner's decision and the district court affirmed the magistrate's findings. Howard appealed to this Court, arguing that the Commissioner's decision was not supported by substantial evidence. We held that the district court erred and that the Commissioner's decision was not supported by

substantial evidence. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241-42 (6th Cir. 2002).

Specifically, we concluded that the administrative law judge's formulation of Howard's residual functional capacity, did not accurately portray Howard's abilities and that, because the administrative law judge's decision relied upon the erroneously constructed residual functional capacity, his decision was unsupported by substantial evidence. *Id.* at 241. We explained that the administrative law judge should have accorded Dr. Levin's opinions and diagnoses complete deference because they were–contrary to the administrative law judge's finding–supported by clinical and laboratory findings and were not contradicted by any other medical opinion. *Id.* at 240. Moreover, we noted that the administrative law judge's hypothetical question "fail[ed] to describe accurately Howard's physical and mental impairments; a defect which, as we have stated, is fatal to the [vocational expert's] testimony and the [administrative law judge's] reliance upon it."[1] *Id.* at 241. In essence, we

---

[1]The opinion noted specifically:

The ALJ should have included the diagnosis from that same report which states that Howard suffers from degenerative disc disease, iron deficiency anemia, hypertension, and osteoarthritis. The ALJ did find that Howard suffered from degenerative disc disease and osteoarthritis. But this finding was not included in the hypothetical question posed to the VE as it should have been.

*Howard*, 276 F.3d at 241. Claimants have since relied upon this language to argue that an administrative law judge must list the claimant's medical conditions in the hypothetical questions. As recently explained by this Court, however, this argument is inconsistent with this Court's precedent and the social security regulations. *Webb v. Comm'r of Soc. Sec.*, – F.3d –, No. 03-5158 (6th Cir. May 19, 2004). Thus, we do not read this language as forming part of the holding of the case, nor do we rely upon it in rendering our instant decision that the Commissioner was not substantially justified. *See id.* (noting that the administrative law judge's selective inclusion of the evidence in calculating the residual function capacity was a sufficient basis upon which to reverse the Commissioner's

determined that the magistrate formulated Howard's residual functional capacity by considering only that evidence that "cast Howard in a capable light and excluded those portions which showed Howard in a less-than-capable light." *Id.* Therefore, we reversed the judgment of district court and remanded the case with the instruction that the district court in turn remand the case to the Commissioner. *Id.* at 242-43.

On May 1, 2002, Howard filed a request for fees under the Equal Access to Justice Act. Finding that the Commissioner's position was "substantially justified," the district court denied Howard's request for fees. This timely appeal followed.

## II.

The Equal Access to Justice Act "departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Scarborough v. Principi*, 124 S. Ct. 1856, 1860 (2004). The Act requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified. *Id.*; 28 U.S.C. § 2412(d)(1)(A).[2] On appeal, Howard challenges the district court's conclusion that the

---

denial of benefits).

[2] Section 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Commissioner's position was substantially justified. We must determine whether the district court abused its discretion in so concluding. *Pierce v. Underwood*, 487 U.S. 552, 562 (1988).

A position is substantially justified when it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.'" *Pierce*, 487 U.S. at 565. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id.* The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id.* at 569; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough*, 124 S. Ct. at 1866 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003).

In denying Howard's application for fees under the Act, the district court did little more than note that the administrative law judge, magistrate and itself had all agreed with the denial of the disability benefits. Indeed, the district court noted: "The reasonableness of the Social Security Agency's claim is bolstered by the fact that the ALJ's decision was adopted by the Magistrate Judge and affirmed by this court." The district court's reasoning overemphasizes the significance of this fact. While a string of losses or successes may be indicative of whether a position is substantially justified, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569.

Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law

judge's denial of benefits is without substantial justification. *See Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) ("The ALJ failed to consider the TEAM report, both in posing the hypothetical questions to the vocational expert and in determining that Flores was not disabled. The Secretary's decision to defend this error was not substantially justified.").

For the foregoing reasons, we REVERSE the district court's judgment and REMAND the case to the district court for a determination as to the reasonableness of Howard's requested fees.