NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0290n.06
Filed: April 25, 2007

No. 06-5531

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| MADRO NOBLE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF KENTUCKY |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY | ) |
| | ) |
| Defendant-Appellee. | ) |

Before: MOORE, GIBBONS, Circuit Judges, and SARGUS, District Judge.[*]

JULIA SMITH GIBBONS, Circuit Judge.

Plaintiff-appellant Madro Noble appeals an order of the district court denying his motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The district court found that the Commissioner's position was substantially justified and therefore a grant of attorney's fees was unwarranted. We agree and accordingly affirm the judgment of the district court.

I.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

1

Noble filed applications for a period of disability, disability insurance, and supplemental security income on January 26, 2001. Noble alleged a disability beginning in August 1997 and based his claim on anxiety, nervousness, depression, peripheral neuropathy, and carpal tunnel syndrome. The Social Security Administration ("SSA") denied Noble's application in April 2001. An Administrative Law Judge ("ALJ") subsequently found that Noble was not disabled and denied his benefits application in November 2002. Noble appealed pursuant to 42 U.S.C. § 405(g) to the district court seeking review of that denial. During the course of his appeal, Noble filed a subsequent application, in November 2003, and the SSA approved his application and granted disability benefits commencing on November 8, 2002.

On appeal, Noble submitted additional evidence to the district court, including the favorable November 2003 decision. The district court referred the action to a magistrate judge and the magistrate judge determined that the action should be remanded for proceedings to determine whether the Commissioner relied on "much the same evidence [in November 2003] that had been generated earlier" in awarding benefits pursuant to the subsequent application. The Commissioner did not object to remanding the case, and the district court ultimately remanded pursuant to sentence six of 42 U.S.C. § 405(g), which allows the court to remand for consideration of newly discovered evidence.[1] The Commissioner was instructed to consider the newly submitted evidence on remand and otherwise reconsider the ALJ's decision.

---

[1]Sentence six of 42 U.S.C. § 405(g) provides, in pertinent part, that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ."

On remand in December 2005, the ALJ held a new hearing and ultimately found Noble had been disabled since January 16, 2001. Noble then filed a motion to submit the ALJ's partially favorable decision to the district court and a motion for EAJA fees under 28 U.S.C. § 2412(d). The district court granted the motion to submit the favorable decision but denied Noble's motion for attorney's fees. The court found that the partially favorable judgment of December 2005 was based on new evidence that was unavailable when Noble's claim was initially denied and that the fact that new evidence yielded a favorable result for Noble did not imply that the government's initial position, which was consistent with information available at the time, was not substantially justified. The district court accordingly found the government's position substantially justified and therefore denied Noble's motion for attorney's fees. Noble filed a timely notice of appeal.

## II.

We review an award of attorney fees under the EAJA for an abuse of discretion. *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). A court "abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993). Under this standard, the district court's factual findings are reviewed for clear error, while its legal conclusions are reviewed *de novo. Perket v. Sec'y of Health & Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990).

## III.

Noble seeks reimbursement of his payment for legal work performed at the federal district court level and subsequent legal work performed before the Commissioner after the district court's July 2004 remand. The EAJA provides that a court shall award fees and other expenses if (1) Noble

is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The only issue in this appeal is whether the government's position was substantially justified; if the government's original litigation position was substantially justified, Noble is not entitled to benefits under the EAJA. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006).

The government's position was substantially justified if it was "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal question marks omitted). The Supreme Court has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. *Id.* The government's position "can be justified even though it is not correct . . ., and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2. As this court has noted, "[t]he fact that we f[ind] that the Comissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). When evaluating the Commissioner's position, we consider the ALJ's decision as part of the Commissioner's pre-litigation conduct. *See Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006).

We find that there is ample evidence demonstrating that the Commissioner's original

litigation position was substantially justified by the facts of Noble's case. *See Pierce*, 487 U.S. at 565 (noting that there must be a reasonable connection between the facts and the Commissioner's legal theory). As an initial matter, the ALJ found in his 2002 decision that Noble was able to handle some degree of stress, could lift and carry up to twenty pounds, could sit for a six-hour workday, and could complete a limited range of light work activities. The ALJ accordingly found that Noble was not "disabled" as defined by the SSA. This conclusion was consistent with the statement of numerous treating and non-treating physicians, including Drs. Levan, Coleman, and Spencer, all of whom found that Noble was capable of performing some degree of work, provided it did not involve repetitive work with his hands or strenuous activity. This decision itself—agreeing with the Commissioner in denying benefits to Noble—suggests that the Commissioner's decision was substantially justified. *Cf. Pierce,* 487 U.S. at 569 (acknowledging that winning or losing below is not dispositive with regard to whether the government's position is substantially justified but that it can be persuasive: "a string of losses [in the lower courts] can be indicative; and even more so a string of successes").

Noble, however, contends that the second ALJ decision, which was favorable to Noble, was not based on new medical evidence and that this implies that the government's original position was not substantially justified. We disagree. When Noble sought review of the 2002 ALJ decision, he filed an "Additional Argument in Support of an Award of Benefits" and attached the partially favorable 2005 decision along with numerous medical records and insurance forms. The district court remanded the case with the explicit instruction that the Commissioner "consider the newly submitted evidence on remand." The second ALJ (in 2005) held a new hearing at which Noble

appeared and testified, and the List of Exhibits attached to the 2005 ALJ decision shows several documents that were not available for the 2002 decision, including various medical records and reports. Indeed, in finding for Noble the ALJ explicitly noted that "additional medical evidence received in the course of developing claimant's case for review at the hearing, as well as evidence in the form of credible evidence at the hearing, consistent with medical evidence in the record justifies a conclusion that the claimant's impairments are more limiting than was concluded by the state examiners." Finally, the district court's determination that the government's original position was substantially justified lends further credence to the government's argument. *See Pierce*, 487 U.S. at 559 (noting that 28 U.S.C. § 2412(d)(1)(A) provides that attorney's fees shall be awarded "unless *the court finds* that the position of the United States was substantially justified. This formulation, as opposed to simply 'unless the position of the United States was substantially justified,' emphasizes the fact that the determination is for the district court to make, and thus suggests some deference to the district court on appeal") (internal citation omitted).

Based on our review of the record and in light of our deferential standard of review, we cannot conclude that the district court abused its discretion. The court appropriately considered whether the government's position was reasonable in law and fact, under circumstances as to which reasonable minds could differ. *Id.* at 565. Noble has put forth nothing that leads us to draw a "definite and firm conviction that the trial court committed a clear error of judgment" in finding that the Commissioner's position was substantially justified. *See Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). Accordingly, we find no abuse of discretion.

The judgment of the district court is affirmed.

6