RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0068p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BERNIECE J. DELONG,

                *Plaintiff-Appellant,*

    *v.*

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                *Defendant-Appellee.*

No. 13-1990

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids
No. 1:10-cv-01056—No. 1:10-cv-01056.

Decided and Filed: April 9, 2014

Before: DAUGHTREY, SUTTON, and DONALD, Circuit Judges.

---

**COUNSEL**

---

**ON BRIEF:** Benjamin J. Symko, Paul E. Jensen, Nicholas C. Romer, JENSEN, DE HAAN &
SYMKO, PC, Grand Rapids, Michigan, for Appellant. Niranjan S. Emani, SOCIAL SECURITY
ADMINISTRATION, Chicago, Illinois, for Appellee.

---

**OPINION**

---

       BERNICE B. DONALD, Circuit Judge. Berniece J. DeLong appeals the District Court's
judgment denying her motion for attorney fees under the Equal Access to Justice Act (EAJA),
28 U.S.C. § 2412. The District Court vacated a decision of the Commissioner of Social Security
(Commissioner), who denied DeLong Disability Insurance Benefits (DIB) and Supplemental

Security Income Benefits (SSI), and remanded DeLong's case for further administrative proceedings on one of three grounds for relief that DeLong had raised. The District Court concluded, however, that DeLong was not entitled to attorney fees because the Commissioner's position "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). For the reasons that follow, we hold that this conclusion does not reflect an abuse of discretion, and we AFFIRM the judgment of the District Court.

**I.**

DeLong applied for DIB and SSI in 2003, both of which the Social Security Administration (Agency) denied on initial review. Although she subsequently obtained three hearings before an administrative law judge (ALJ), the ALJ concluded after each hearing that DeLong was not disabled. The Agency's Appeals Council twice intervened, vacating the ALJ's decision and remanding DeLong's case for further administrative proceedings after the first and second hearings. After the ALJ's third determination that DeLong was not disabled, however, the Appeals Council declined further review. Consequently, the ALJ's determination became the Commissioner's final decision.

On October 27, 2010, DeLong filed a complaint in the United States District Court for the Western District of Michigan to challenge the denial of benefits.[1] Relying on 42 U.S.C. §§ 405(g) and 1383(c)(3),[2] she asserted three grounds for relief: (1) that the Commissioner erred in relying on a consulting medical source rather than the opinions of DeLong's treating physicians; (2) that the Commissioner improperly assessed other medical source opinions and lay testimony; and (3) that the Commissioner erred in assessing DeLong's credibility and mischaracterized the evidence in the record. The District Court rejected the second and third claims out of hand, noting that "[c]redibility determinations . . . are peculiarly within the province of the ALJ," explaining that the ALJ had not mischaracterized any of the underlying medical evidence, and finding no error in the ALJ's consideration of lay opinion evidence. But,

---

[1]DeLong and the Commissioner voluntarily consented to having all aspects of the case conducted by a United States Magistrate Judge, including the entry of final judgment.

[2]Section 1383(c)(3) provides that final determinations by the Commissioner after a hearing "shall be subject to judicial review as provided in [§ 405(g)] to the same extent as the Commissioner's final determinations under [§ 405(g)]." *See infra* note 3 and accompanying text regarding the relevant provisions of § 405(g).

concluding that the ALJ had "failed to provide 'good reasons' for the weight he gave to the opinions of [DeLong's] treating physicians," the District Court vacated the denial of benefits and remanded DeLong's case for further administrative proceedings under sentence four of § 405(g).[3]

DeLong subsequently filed a motion for attorney fees under the EAJA, contending that the denial of benefits and the Commissioner's defense of the denial had lacked substantial justification. The District Court denied the motion, noting that merely obtaining a reversal did not entitle DeLong to EAJA fees. Instead, the District Court concluded, the Commissioner's position was substantially justified despite the reversal for several reasons: (1) the court had rejected all but one of DeLong's arguments; (2) DeLong improperly had attempted to present evidence to the court that she had not presented to the ALJ;[4] (3) the record did not "strongly establish" DeLong's entitlement to benefits; and (4) the court had reversed the ALJ's decision on procedural rather than substantive grounds. This appeal followed.[5]

## II.

We review the District Court's denial of attorney fees under the EAJA for an abuse of discretion. *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 559 (1988)). "To find that the [D]istrict [C]ourt abused its discretion, this court must be firmly convinced that a mistake has been made." *Id.* Here, despite having invoked the proper standard of review, DeLong has established no mistake on the part of the District Court. Accordingly, her claim for attorney fees must fail.

---

[3]Section 405(g) permits two types of remand: (1) pre-judgment, under sentence six; and (2) post-judgment, under sentence four. 42 U.S.C. § 405(g); *see Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 482-83 (6th Cir. 2006). A court remands a case under sentence six without having made any substantive ruling regarding the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citation omitted). Additionally, in remanding a case under sentence six, a district court may consider evidence that was not presented to the ALJ, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); under sentence four it may not consider such evidence, *see id.* Here, DeLong attempted to present evidence to the District Court that she did not present to the ALJ, but the District Court determined that DeLong had failed to demonstrate that a sentence six remand was warranted. Accordingly, in remanding DeLong's case to the Agency under sentence four, the District Court considered only the evidence that had been presented to the ALJ.

[4]See supra note 3 and accompanying text.

[5]Because much of the factual and medical history of this case is irrelevant to DeLong's appeal, we address additional facts only as necessary to dispose of the appeal.

To recover attorney fees under the EAJA, a plaintiff must satisfy three conditions: (1) she must be a "prevailing party"; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *see* 28 U.S.C. § 2412(d)(1)(A). DeLong is a prevailing party, *see Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993), and the Commissioner does not contend that any special circumstances support denying EAJA relief. Accordingly, resolution of this appeal turns on whether the Commissioner's decision to deny benefits to DeLong, and subsequently to defend the denial, was substantially justified.

The Commissioner's position may be substantially justified even if a district court rejects it. *Couch v. Sec. of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) (per curiam). The Government bears the burden of proving that a given position was substantially justified, *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004), and it discharges that burden by demonstrating that the position had a "reasonable basis both in law and fact," *Pierce*, 487 U.S. at 565 (citations omitted).

### III.

DeLong begins by asserting that the District Court gave too much weight to the arguments that she raised unsuccessfully, and she contends that the District Court's rejection of those arguments "does not dilute the fatal flaws within the ALJ's decision—or justify defending it." Both claims are reducible to an allegation that DeLong levied against the ALJ below— "cherry picking" the record. The District Court observed that this allegation is seldom successful because crediting it would require a court to re-weigh record evidence. It is no more availing on appeal. *Cf. White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("[W]e see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence.").

The "substantial evidence" standard, according to which a district court reviews decisions by the Commissioner, does not permit the court to resolve conflicts in evidence. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Instead, a district court must affirm a decision by the Commissioner as long as "it is supported by substantial evidence and was made

pursuant to proper legal standards." *Id*. Here, although the District Court vacated the Commissioner's decision and remanded DeLong's case for further administrative proceedings, it did so narrowly, expressly observing that "[t]he record did *not* strongly establish [DeLong's] entitlement to benefits." (Emphasis added.) This finding is critical to our determination that the District Court did not abuse its discretion in concluding that the Commissioner's decision to deny benefits to DeLong, and to defend the denial, had a reasonable basis in law and fact. *See Pierce*, 487 U.S. at 565.

As we have explained before, "[remand] alone is not a proper basis for the allowance of fees and expenses under the [EAJA]." *Couch*, 749 F.2d at 360. This is so because the finding that a denial of benefits was not supported by substantial evidence is not tantamount to a determination that the Commissioner's position lacked substantial justification. *Id.* Accordingly, when the same judge who found remand appropriate also concludes that the Commissioner's position was substantially justified, that conclusion carries considerable weight on appeal. *See, e.g.*, *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010). We find it dispositive here.

DeLong also contends that the District Court mischaracterized the merits of the case and the state of the law. Regarding the former, she urges that "[i]t is pellucid from the facts of this case and the District Court's own opinion that the Commissioner had no reasonable argument that the ALJ's decision met the good reasons requirement—treating source opinions were ignored in their entirety." But this argument misses the point. It is undisputed that the ALJ failed to provide "good reasons" for the weight that he gave the opinions of DeLong's treating physicians; that is the (sole) reason that the District Court vacated the Commissioner's decision and remanded DeLong's case for further proceedings in the first place. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875-76 (6th Cir. 2007) ("Claimants are entitled to receive good reasons for the weight accorded their treating sources[.]"). At issue is whether, *despite* this failure, the Commissioner's decision to deny benefits to DeLong and to defend that denial before the District Court had a reasonable basis in law and fact. We conclude that it did.

As the District Court recounted, "[T]he fatal flaw in the ALJ's opinion [wa]s *not* in the weight he found was appropriate for the various medical opinions," but rather in his failure to

*explain* his findings adequately.  (Emphasis added.)  The District Court thus vacated the ALJ's decision and remanded DeLong's case based on this procedural error rather than on substantive grounds.  Relying on this court's opinion in *Howard v. Barnhart*, 376 F.3d 551 (6th Cir. 2004), and that of the Ninth Circuit in *Flores v. Shalala*, 49 F.3d 562 (9th Cir. 1995), DeLong asserts that this distinction is a red herring.  She claims that reversal on a procedural issue can entitle a plaintiff to recover attorney fees under the EAJA and that the Commissioner's position was without substantial justification because the ALJ ignored treating source opinions "in their entirety."  But two significant weaknesses undercut these claims.

First, *Howard* and *Flores* are readily distinguishable, *Howard* having concerned an ALJ who selectively considered evidence in denying benefits, 376 F.3d at 554, and *Flores* having addressed a post-remand administrative hearing, 49 F.3d at 566.  Here, contrary to DeLong's assertions, the ALJ did not ignore the opinions of DeLong's treating physicians.  As the record reflects, even where the ALJ did not reference certain treating physicians by name, he included in his analysis operations that they had performed and records that they had produced.  Accordingly, *Howard* is unavailing.

Unlike in *Flores*, no post-remand administrative hearing is at issue here.  Additionally, the district court in *Flores* wholly failed to consider whether the Government's position was substantially justified "on the procedural issue that caused it to remand."  49 F.3d at 566.  Here, by contrast, the District Court expressly considered the ALJ's failure to provide good reasons for its assessment of the opinions of DeLong's treating physicians and concluded that the ALJ's opinion "lack[ed] the type of focused analysis of the treating physicians' opinions" that this court's precedent requires.

Second, and more importantly, remand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal.  Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification.  A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position.  Thus, although remand on any ground theoretically may support an award of fees under the EAJA,

such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.  *Cf. Thouvenot*, 596 F.3d at 387.  So it is here.

Finally, in alleging that the District Court mischaracterized the state of the law, DeLong, again, misses the point.  DeLong takes issue with the District Court's conclusion that *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013), "tipped the scales in [DeLong's] favor."  She devotes several pages of her brief to the proposition that "*Gayheart* did not create a new standard that affected the outcome of this case."   But the District Court never said that it did.  In fact, because *Gayheart* concerned neither the EAJA nor the award of attorney fees more generally, the District Court *could not* have concluded that it governed this case.

What *Gayheart* did—and this is the context in which the District Court found it instructive—was reaffirm that "[t]he Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion."  710 F.3d at 376.  *Gayheart* also helped identify "which reasons will later be found to be sufficiently 'good reasons'" on appellate review.  As the District Court observed, "[t]he lines of demarcation are not clear, and in the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified."  This is such a case.

## IV.

No mistake mars the District Court's determination that the Commissioner's position in this case was substantially justified.  Accordingly, the District Court did not abuse its direction, and we AFFIRM the denial of attorney fees under the EAJA to DeLong.