RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0183p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

SALENA GLENN,

　　　　　　　　　　*Plaintiff-Appellant,*

　　　v.

　　　　　　　　　　No. 13-2486

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　　　*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 1:12-cv-11433—Thomas L. Ludington, District Judge.

Decided and Filed: August 13, 2014

Before: CLAY and STRANCH, Circuit Judges; BLACK, District Judge.[*]

─────────────────

## COUNSEL

**ON BRIEF:** Howard D. Olinsky, OLINSKY LAW GROUP, Syracuse, New York, for Appellant. Jason Scoggins, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

─────────────────

## OPINION

─────────────────

STRANCH, Circuit Judge. Salena Glenn successfully petitioned for review of the denial of her claim for social security benefits and won remand to the Commissioner. The district court's decision was based on a Report and Recommendation (R&R) of a magistrate judge finding five errors, both legal and factual, in the administrative law judge's (ALJ's) reasoning.

─────────────────

[*]The Honorable Timothy Black, United States District Judge for the Southern District of Ohio, sitting by designation.

Each error independently required remand.  The district court denied Glenn's subsequent application for attorney's fees under the Equal Access to Justice Act (EAJA), finding that the government's position on appeal was "substantially justified" because the magistrate judge rejected three of Glenn's claims of error.  Because the district court improperly applied the law, we REVERSE the decision of the district court denying fees and REMAND for a determination of the appropriate fee award.

## I.    BACKGROUND

As the result of a 2007 car accident, Glenn suffers from a degenerative disc disease in her back, a closed head injury and cerebral concussion that cause dizziness and memory loss, left shoulder tendonitis, and post-traumatic headaches.  She also suffers from major depression, with symptoms including slow thought processes, mood swings, agitation, poor concentration, anxiousness, feelings of anger and hopelessness, paranoia, auditory hallucinations, and suicidal and homicidal ideation.  Glenn also suffers from hidradenitis suppurativa, a chronic skin condition that has caused cysts around the vulva that occasionally prevent her from walking and require frequent bathroom breaks.

In 2008, Glenn filed for social security benefits, alleging disability since March 28, 2007, the date of her car accident.  Following her hearing—at which Glenn appeared without counsel—the ALJ issued a September 2010 decision denying Glenn's application for benefits at the fifth step of the required sequential analysis.[1]  *See* 20 C.F.R. § 404.1520(a).[2]  The Appeals Council declined review; Glenn then filed a petition for review with the district court and obtained counsel.

The magistrate judge issued an R&R finding five errors in the ALJ's reasoning with each error independently warranting remand; in July 2013, the district court reversed and remanded to

---

[1]An ALJ must determine whether a person is disabled using a five-step sequential analysis that asks: first, whether the claimant has performed substantial gainful activity within the specified timeframe; second, whether the claimant has medical impairments; third, whether the claimant's impairments meet or equal the listings in the agency's appendix of ailments rendering the claimant automatically disabled; fourth, whether the claimant's residual functional capacity (RFC) renders her unable to perform past relevant work; and fifth, whether, taking into account age, education, and work experience, the claimant can perform other work.  20 C.F.R. § 404.1520(a)(4).

[2]This opinion uses the current version of the rules because the provisions have not changed in a relevant manner since September 2010 when the ALJ rendered his decision.

the ALJ for further review. The errors included: giving incorrect weight to the opinion of nonexaming physician Dr. Joh who did not provide indicia of supportability, *see* 20 C.F.R. § 404.1527(c)(3); adopting a residual functional capacity (RFC) finding inconsistent with the opinion of examining, non-treating physician Dr. Shelby-Lane, which the ALJ expressly stated he adopted; expressly excluding consideration of Glenn's hidradenitis suppurtiva in the RFC determination, *see* 20 C.F.R. § 404.1545(e); mischaracterizing Glenn's daily activities and failing to examine the physical effects coextensive with their performance in determining the severity of Glenn's impairments, *see Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248-49 (6th Cir. 2007); and failing to advise the pro se Glenn of her right to cross-examine the vocational expert (VE), whom the record shows did not understand or take into account the evidence that Glenn is moderately limited in her ability to interact with the public, *see* 20 C.F.R. § 404.950(e). The magistrate judge had rejected three additional alleged errors.

Glenn and her counsel filed a motion for attorney's fees in the amount of $7,531.52, pursuant to the EAJA, 28 U.S.C. § 2412, to cover the costs of pursuing her rights before the district court.[3] Glenn alleged that she was a prevailing party and that the government's position in defending the ALJ's errors was not substantially justified. The district court denied any fees reasoning that the position of the United States was substantially justified because "more than half" of the errors Glenn alleged were found to lack merit. The district court also supported its denial of fees on the basis that the errors identified by the magistrate judge "related primarily to [the ALJ's] explanation for his decision" and because it may come to pass that Glenn's application for benefits will ultimately be denied on remand.

Glenn now appeals the denial of attorney's fees, arguing that the district court's decision to deny fees was legally and factually erroneous.

## II.　STANDARD OF REVIEW

A district court's denial of fees under the EAJA is reviewed for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988). "A district court abuses its discretion when it

---

[3]The fees requested included 39.6 hours of work in 2012 at a rate of $171.06, 3.5 hours in 2013 at a rate of $173.01, and 1.9 hours of administrative work at a rate of $80. Both the number of hours worked and modest hourly rates requested appear to be reasonable.

relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). In other words, if this court is "firmly convinced that a mistake has been made," this court will reverse under the abuse-of-discretion standard. *Id.*; *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014).

### III. ANALYSIS

Under the EAJA, "a court shall award to a prevailing party" in a civil action against the United States "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *DeLong*, 748 F.3d at 725. The district court accurately determined that Glenn was a prevailing party in her suit against the government. *See Shalala v. Shaefer*, 509 U.S. 292, 300-01 (1993). The issue here is whether the court committed legal or factual error in determining that the government's position was substantially justified.

The government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. This standard "means, of course, more than merely undeserving of sanctions for frivolousness"; and is not different from having "a reasonable basis both in law and fact." *Id.* (internal quotation marks omitted).

Remand "alone," which occurs when the ALJ's decision was not "supported by substantial evidence," does not necessarily require an award of fees because the remand standard is not the equivalent of a finding that the government's position was not substantially justified. *Couch v. Sec'y of HHS*, 749 F.2d 359, 360 (6th Cir. 1984). "[T]he [g]overnment could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose," but objective indicia such as a string of losses can be indicative. *Pierce*, 487 U.S. at 569. The government's position in defending the ALJ's analysis might be substantially justified despite remand, for example, where remand was based solely on the ALJ's "failure to *explain* his findings adequately" and not on "the weight he found appropriate for various medical opinions." *DeLong*, 748 F.3d at 727. Or the government's position in defending the reduced weight given to a treating physician's opinion could be

substantially justified where, although the case was remanded, the reduced-weight could be justified by significant evidence in the record such as a short treating relationship and evidence that the claimant was enrolled in college full-time. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855-56 (6th Cir. 1997). On the other hand, where the government defends an ALJ decision that was reached by selectively considering the evidence, its position is not substantially justified. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "[T]he [g]overnment bears the burden of proving that a given position was substantially justified, and it discharges that burden by proving that the position had a reasonable basis both in law and fact." *DeLong*, 748 F.3d at 725-26 (internal citation and quotation marks omitted).

In denying fees, the district court did not conclude that the government met its burden to show that its position on the five reversible errors had a reasonable basis in both fact and law. It concluded instead that the government was justified in opposing remand of the entire case because Glenn raised other errors that the magistrate judge rejected. This reasoning is contrary to law. *Pierce* does not reduce the "substantially justified" standard to a matter of comparing the number of successful claims to unsuccessful claims in a single appeal. Rather, the question is whether the government's litigating position *in opposing remand* is "justified to a degree that could satisfy a reasonable person" and whether it was supported by law and fact. *Pierce*, 487 U.S. at 565; *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (explaining that the government's posture on the case must be considered as an inclusive whole). The inclusion of three unsuccessful claims in Glenn's petition for review did not undermine the inevitability of remand. Here, the law and the facts required remand five times over, giving the government five separate bases for requiring the ALJ to reconsider Glenn's claim in accordance with the law. This "string of losses" indicates that the ALJ's opposition to remand was not substantially justified. S*ee Pierce*, 487 U.S. at 569.

The government failed to meet its burden to prove that it was substantially justified in opposing remand of such an error-ridden benefit determination, especially in light of the particular errors identified. Several of the ALJ's errors in analysis were plainly contrary to law. The ALJ's decision to give great weight to the unsupported opinion of Dr. Joh was improper under the requirement that the weight given to nonexamining physicians is limited by the

supporting explanations and the consistency with treating and examining sources. *See* 20 C.F.R. § 404.1527(c)(3). The ALJ's decision to expressly exclude consideration of one of Glenn's ailments was improper under the requirement that an ALJ consider *all* of a claimant's impairments. *See* 20 C.F.R. § 404.1545(e). His failure to advise Glenn of her right to cross-examine the VE was error under 20 C.F.R. § 404.1545(e) and caused prejudice because the VE's opinion that Glenn could work as a cashier or cafeteria attendant did not take into account her moderate limitations on interacting with the public. *E.g.*, *Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999) ("Claimants have a right to cross-examine vocational experts as part of procedural due process."). The government did not satisfy its burden to prove that defending these errors had a reasonable basis in law, and the district court made no finding on this requirement.

The others errors reveal that the ALJ's conclusions are contrary to the record. For example, the ALJ found that Glenn could perform light work but based this conclusion solely on an assessment from Dr. Shelby-Lane that did not support a light work finding. Dr. Shelby-Lane opined that Glenn could occasionally lift 15 pounds and could only sit for up to six hours in an eight-hour work-day if she were permitted to change positions; this is not consistent with light work. Soc. Sec. Admin., SSR 96-9p, at *7 (1996) (explaining that the basis for unskilled sedentary work is eroded where the need to alternate between sitting and standing cannot be accommodated by scheduled breaks); Soc. Sec. Admin., SSR 83-10, at *5-6 (1983) (light work requires lifting 20 pounds and *frequently* lifting and carrying up to 10 pounds, plus standing or walking 6 hours in an 8 hour day); Soc. Sec. Admin., SSR 83-12, at *4 (1983) (Because "a person cannot ordinarily sit or stand at will" in an unskilled job, a requirement of alternating sitting and standing is not ordinarily consistent with light work.). And the ALJ mischaracterized Glenn's daily activities—describing Glenn as capable of caring for her children and cooking when the record shows that a roommate helped with the children, based on doctor's orders, and that Glenn only cooked weekly—while failing to consider the physical effects coextensive with these activities. *See Rogers*, 486 F.3d at 248-49. The government did not meet its burden to prove that defending these errors had a reasonable basis in fact, and the district court made no finding that it did so.

This is not a case where remand was based only on the ALJ's failure to adequately explain his findings, *see DeLong*, 748 F.3d at 727, or where the weight given was explained by other facts in the record, *see Damron*, 104 F.3d at 855-56. The errors go to the heart of Glenn's disability claim. It is uncertain whether Glenn's application for benefits will ultimately be granted or denied. Irrespective of what happens on remand, however, Glenn had to retain counsel to ensure that her claim would be properly adjudicated. As we have explained, an ALJ must evaluate a claimant's disability in accordance with the applicable regulations and laws, including the requirement that the ALJ consider all evidence in the record. *See, e.g., Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014). Because that was not done here, Glenn's evaluation contained at least five errors warranting reversal and remand. The government has failed to satisfy its burden to show that its position in support of this record was "justified in substance or in the main" or had a "reasonable basis both in law and fact." *See Pierce*, 487 U.S. at 565.

## IV.    CONCLUSION

In denying fees, the district court "improperly applie[d] the law" and "use[d] an erroneous legal standard." *See Stough*, 138 F.3d at 614. Based on this record, we are "firmly convinced that a mistake has been made," and must conclude that the court abused its discretion. *DeLong*, 748 F.3d at 725. For this reason, we REVERSE the district court's denial of fees and REMAND for a determination of the appropriate fee award.