■ ■ DISSENT
ROGERS, J.,
dissenting.
The majority accepts that the Government does not owe fees if its position was “substantially justified.” That standard *473 permits the Government to take reason-able litigating positions. See Pierce v. Underwood, 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Glenn v. Commissioner of Soc. Sec., 763 F.3d 494, 498 (6th Cir. 2014). It is a matter of judgment, however, whether the Government’s litigating position in this case was reasonable. Here the Government had already prevailed on its “taint” theory of damages before the two district courts that considered this suit, and it was also able to point to a line of cases where something like that theory had prevailed before this and other courts, see, e.g., U.S. ex rel. Compton v. Midwest Specialties, Inc., 142 F.3d 296, 304 (6th Cir. 1998); United States v. Mackby, 339 F.3d 1013, 1018-19 (9th Cir. 2003); United States v. Rogan, 517 F.3d 449, 453 (7th Cir. 2008). While it is true that we ultimately rejected the analogy to those cases in the context of this case, that rejection does not mean that those analogies were not “supported by law and fact” or not “justified to a degree that could satisfy a reasonable person,” as required under the EAJA, Glenn, 763 F.3d at 498-99 (internal quotation marks omitted) (quoting Pierce, 487 U.S. at 565, 108 S.Ct. 2541). Under abuse of discretion review, where “substantial deference”-is accorded to the judgment of the trial court, Imwalle v. Reliance Med. Prods., 515 F.3d 531, 551 (6th Cir. 2008), the district court’s denial of fees should be affirmed.