United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

Nos. 05-11287 & 05-11288
Summary Calendar

Phyllis W Yoes,
Judy L Haynes

                                        Plaintiffs-Appellants,

versus

Jo Anne B Barnhart,
Commissioner of Social Security

                                        Defendant-Appellee.

Appeals from the United States District Court
For the Northern District of Texas

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.
PER CURIAM:

Appellants Yoes and Haynes challenge the district court's calculation of their award of attorneys' fees under the Equal Access to Justice Act. We affirm.

The district court awarded attorneys' fees at $132.50 per hour, the going rate in the San Angelo and Abilene Divisions of the Northern District of Texas. Appellants had requested attorneys' fees at $152.61 per hour, the going rate in the Dallas Division. Appellants contend that our decision in *Baker* requires all district courts of the Northern District of Texas to apply a uniform rate for calculation of attorneys' fees, and that the district courts in San Angelo and Abilene, by deviating from the Dallas rate, are

abusing their discretion. *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir.1988).

The Equal Access to Justice Act vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. 28 U.S.C. § 2412(d)(2)(A)(ii). These factors are market based, not individualized, thus, as this court acknowledged in *Baker*, the judge-by-judge exercise of rate-setting discretion had resulted in "a multiplicity of conflicting views within the Dallas courts" and "confusion and bewilderment among the bar and litigants." *Baker*, 839 F.2d at 1082. Concerned with this seemingly arbitrary application of the EAJA's factors, the *Baker* court remanded the case to the chief judge for a single rate determination to be applied "in all fee awards in the Dallas district courts." *Id.*

This ruling did not mandate rate uniformity across the entire federal district however. Although rate fluctuations among federal courts serving the same city are arbitrary, the same rate disparities between courts serving two different markets is more than reasonable; indeed, it is expressly contemplated by the Act itself. Thus, the San Angelo division did act arbitrarily in recognizing that San Angelo, when compared with Dallas, enjoys an agreeably low cost of living.

Appellants urge us to nevertheless adopt the Eighth Circuit's rule, which requires uniform cost-of-living adjustments throughout

each district.  *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).  The Eight Circuit reasoned that "under ordinary circumstances . . . the cost of living affects each litigant within a judicial district to the same degree."  *Id.*  We take judicial notice of the vast beauty of the Great Plains, which we share, and of the natural wonders of the Missouri and Ozark Plateaus, which we envy, yet, we are also mindful of the difference in population density between our circuits.[1]  Because the Eighth Circuit's reasoning applies in our Circuit with less force, we decline to adopt their rule.

Neither, then, do we agree with appellant's alternative argument that, rate disparity aside, the fee of $132.50 per hour is insufficient to secure adequate representation for San Angelo claimants.  We review a district court's attorneys' fees award under the EAJA only for abuse of discretion.  *Baker*, 839 F.2d at 1082 (5th Cir.1988).  The district court considered and rejected plaintiff's request for a cost-of-living adjustment, recognizing that the $132.50 rate, which is already $7.50 higher than the statutory cap, adequately provides for representation throughout the division.  As we have explained before, "[W]hile the statute clearly allows an adjustment for changes in the cost of living, it

---

[1]For example, there is a smaller cost-of-living discrepancy between Sioux Falls, South Dakota and Watertown, South Dakota (the first and fourth largest cities in the District of South Dakota), than between Dallas, Texas and Abilene, Texas (the first and fourth largest metropolitan areas in the Northern District of Texas).

does not absolutely require it." *Id.*  Accordingly, the district court's order awarding attorney's fees and costs is

AFFIRMED.