[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2007
THOMAS K. KAHN
CLERK

No. 06-15681
Non-Argument Calendar

_____

D. C. Docket No. 05-01752-CV-T-TBM

DAWN C. BRUNGARDT,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 9, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Dawn C. Brungardt appeals a district court's[1] order denying, in part, an unopposed motion to award fees to her attorney, Enrique Escarraz, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A).[2] In the motion, Brungardt sought attorney's fees in the total amount of $3,370.44, representing 2.8 hours of work performed in 2005 at an hourly rate of $158.00, and 18.1 hours of work performed in 2006 at an hourly rate of $161.77.

An affidavit from Escarraz, which accompanied the motion, acknowledged that, absent a special factor, he was only entitled to $2,612.50 in attorney's fees, or $125 per hour, under the EAJA. Nevertheless, Escarraz stated that there had been an increase in the cost of living since the amendments to the EAJA took effect in March 1996, and cost of living was specifically mentioned in the EAJA as a factor that could be considered in determining whether an attorney's hourly rate could be increased over the statutorily authorized fee. Escarraz, citing the Bureau of Labor's Consumer Price Index for All Urban Consumers, All Items Index ("CPI-U All Items Index"), indicated that $3,370.44 was the appropriate attorney's fee here, given the increase in cost of living from April 1996 until December 2005, and from

---

[1] Because both parties consented to the exercise of jurisdiction by a magistrate judge, we will refer to the magistrate judge as the "district court."

[2] Brungardt does not challenge on appeal the district court's award of costs in the amount of $270. Therefore, Brungardt has abandoned this issue on appeal. See Tanner Advertising Group, L.L.C. v. Fayette County, GA, 451 F.3d 777, 787 (11th Cir. 2006) ("'[I]ssues that clearly are not designated in the initial brief ordinarily are considered abandoned'") (citation omitted).

April 1996 until April 2006.  Escarraz also included a memorandum itemizing the hours claimed, and explaining his billing entries in this matter.

The district court ultimately entered an order on September 18, 2006, granting in part the motion for attorney's fees and awarding an enhanced hourly rate.  Nevertheless, the district court denied the motion to the extent it sought $3,370.44, and determined that Escarraz was entitled only to $3,072.30 in attorney's fees, or $298.14 less than sought.  The district court based this on an hourly rate of $147 for the work performed in both 2005 and 2006.  This hourly fee, according to the district court, reflected the "prevailing market rate" for competent attorneys during the relevant time frame.  Specifically, the district court stated:

> In this case, counsel suggests that an hourly rate of $158.00 is now appropriate for work done in 2005 and a rate of $161.77 is appropriate for work performed in 2006 based on increases in the CPI since 1996 when the EAJA was amended.  However, determining the prevailing market rate for work in this type during the relevant time period is not so easily determined.  In this court's experience in handling hundreds of Social Security appeals, fee applications under the EAJA for work performed for these years typically seek hourly rates ranging from $125.00 to in excess of $150.00 per hour.  Very competent counsel performing this type [of] legal work routinely seek only $125.00 per hour for their services.  While others may find their services under the EAJA to be more valuable, competent counsel are available to provide these services at an hourly rate less than that which the Plaintiff here seeks.  The availability of qualified attorneys at the lower hourly rate militates against a higher fee . . . .  Recognizing that there has been some increase in the cost of living since the court last increased the

3

hourly rate [to $138.00 for work performed in 2000-2001] it grants in these cases, and given its discretion in these matters, the court now finds that an hourly rate of $147.00 is the fair and appropriate rate for work performed before this court in Social Security disability cases from June 2003 forward.

Brungardt timely appealed from this order.

We review an award of attorney's fees under the EAJA for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). The abuse of discretion standard is deferential and allows "'a range of choice for the district court . . . .'" In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) (citation omitted).

The EAJA, 28 U.S.C. § 2412, provides a mandatory attorney's fee award to a prevailing party that meets certain statutory conditions. 28 U.S.C. § 2412. Once a plaintiff demonstrates eligibility under the EAJA, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust. Specifically, the EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further provides:

4

The amount of fees awarded . . . shall be based upon prevailing market rates, for the kind and quality of services furnished except that . . .

(ii)     attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the <u>cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.</u>

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).

In <u>Meyer v. Sullivan</u>, 958 F.2d 1029, 1033 (11th Cir. 1992), we recognized a two-step process for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. First, the district court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" <u>Id.</u> (citation omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." <u>Id.</u> at 1033-34.

We have stated that "a court is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

5

We conclude that the district court here did not commit reversible error when it set the hourly fee here – $147 – as an appropriate one under the EAJA for the relevant time period. Following <u>Meyer</u>, the district court determined the market rate to be between $125 and $150 per hour. We construe the district court in this case to have determined that the market rate for this case would not exceed $147. Then, having found that the market rate was indeed more than the statutory rate of $125, the district court followed appellant's suggested increase to account for the cost of living, but not to exceed the fair market rate. As we said in <u>Norman</u>, the district court may consider its own knowledge and experience reasonable and proper fees.

Accordingly, for the foregoing reasons, we affirm the district court and remand for further proceedings.

**AFFIRMED.**