United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 07-10048
Summary Calendar

_____

OSCAR LOPEZ,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

On Appeal from the United States District Court
for the Northern District of Texas, Abilene
No. 1:05-CV-00137

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Lopez challenges the district court's calculation of his award for attorney's fees under the Equal Access to Justice Act. We affirm.

The district court awarded attorney's fees at the rate of $140.00 per hour, a rate the Magistrate Judge determined was reasonable and appropriate in the Abilene Division to ensure adequate representation for those who need it, as required by 28 U.S.C. § 2412(d)(2)(A)(ii). Appellants contend that the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abused its discretion because all attorneys should be reimbursed using the statutory cap of $125.00 per hour, adjusted by the national Consumer Price Index for All Urban Customers ("CPI-U"). This method would produce a fee of $156.25 per hour.

This court rejected a similar argument in Yoes v. Barnhart, 467 F.3d 426 (5th Cir. 2006), concluding that rate uniformity is not required even across a single district: "[R]ate disparities between courts serving two different markets is more than reasonable; indeed, it is expressly contemplated by the Act itself." Id. at 427. The district court did not err by refusing to apply the CPI-U, and the rate awarded here is more generous than that in Yoes.

Under the abuse of discretion standard, see Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988), we cannot say that $140.00 per hour, $15.00 per hour higher than the statutory cap, does not adequately provide for representation in Abilene. Accordingly, the district court's order awarding attorney's fees and costs is

**AFFIRMED.**

2