In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3654

STEPHEN A. SPRINKLE,

*Plaintiff-Appellant,*

*v.*

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:09-cv-05042 — **Charles R. Norgle,** *Judge.*

ARGUED SEPTEMBER 30, 2014 — DECIDED JANUARY 23, 2015

Before KANNE, WILLIAMS, and HAMILTON, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Stephen Sprinkle, a social securi-
ty disability claimant, sought an award of attorney's fees
under the Equal Access to Justice Act (the "EAJA"). While
the EAJA contains a presumptive rate cap of $125 an hour,
courts may award enhanced fees where they are justified be-
cause of an increase in the cost of living. The district court
found that Sprinkle was entitled to EAJA fees, but rejected

his request for a cost-of-living enhancement on the ground that he failed to meet the stringent and difficult burden set out in *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011). While the district court's fee award was reasonable in light of our decision in *Mathews-Sheets*, today we make clear that two aspects of that decision incorrectly demanded more than the text or purpose of the EAJA require. An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden. Therefore, we vacate the district court's award and remand for proceedings consistent with this opinion.

## I. BACKGROUND

In February 2005, Stephen Sprinkle applied for supplemental social security income (SSI), alleging he was disabled due to mental and physical impairments. After exhausting his administrative remedies, Sprinkle sought judicial review of the Commissioner's "final decision" that he was not disabled. In October of 2012, the district court held that the agency failed to properly evaluate evidence of Sprinkle's disability, reversed the Commissioner's decision, and remanded for further consideration.

In December 2012, Sprinkle applied for attorney's fees under the EAJA. His fee petition claimed that an award in excess of the statutory rate of $125 an hour was justified because of an increase in the cost of living since 1996, when that rate was set. Sprinkle requested an hourly rate of $173.38, which reflected the statutory rate adjusted for inflation to December 2009 (when the bulk of his legal work was performed) according to the Consumer Price Index (CPI). In support of his request for enhanced fees, Sprinkle submitted affidavits from four attorneys with Social Security disability practices. They all had non-contingent hourly rates, ranging from $250 to $500 an hour, which were well above the statutory cap. Sprinkle's attorney also affirmed that his non-contingent hourly rate was $275 and that the cost of running his law practice had increased significantly due to inflation since 1996. Among others, he had a 3% per year increase for office rent and a 3-5% per year increase in staff salaries.

On May 29, 2013, the district court found that Sprinkle was entitled to attorney's fees, but denied his request for a cost-of-living adjustment on the ground that Sprinkle failed to meet his burden set forth in *Mathews-Sheets v. Astrue*. According to the court, "[a]side from mere conclusory argument Sprinkle provide[d] no evidence that … alleged increased costs [were] due to inflation, which has increased the cost of providing adequate legal services in this matter." Sprinkle's fee award was set at the statutory rate of $125 an hour.

Sprinkle filed a Rule 59(e) motion for reconsideration, submitting two additional affidavits from attorneys and a commercial survey of attorney billing rates. Rejecting the additional evidence as untimely, the court again denied

Sprinkle's request for adjusted fees on the ground that his evidence was insufficient under *Mathews-Sheets*. This time, the court stated that Sprinkle failed to prove, quoting *Mathews-Sheets*, 653 F.3d at 565, "that without a cost of living increase that would bring the fee award up to [the requested $173.38] per hour, a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case."

Sprinkle now appeals the district court's partial award of attorney's fees.

## II. ANALYSIS

At issue in this appeal is the evidence needed to support a cost-of-living adjustment for attorney's fees under the EAJA in social security cases. Sprinkle contends that the district court erred in denying his request for a cost-of-living adjustment because he satisfied the burden set out in *Mathews-Sheets v. Astrue*, which requires evidence of the effects of inflation on one's attorney's costs and proof that no competent attorney could be found at the statutory rate. In the alternative, he argues that *Mathews-Sheets* was wrongly decided and should be overturned.

We review the district court's award of attorney's fees for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 558 (1988). As with all questions of law, we review its interpretation of the EAJA's cost-of-living provision de novo. *Raines v. Shalala*, 44 F.3d 1355, 1360 (7th Cir. 1995).

The EAJA allows a "prevailing party" to receive attorney's fees for work performed in a judicial proceeding challenging an administrative denial of social security benefits,

"unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It contemplates the award of fees based upon "prevailing market rates for the kind and quality of the services furnished" up to a presumptive cap of $125 per hour. *Id*. at § 2412(d)(2)(A). However, that cap may be exceeded when the court "determines that an increase in the cost of living [since 1996, when the rate was last set] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. at § 2412(d)(2)(A)(ii).

Our last decision to consider the burden facing EAJA claimants seeking enhanced fees based on "an increase in the cost of living" was *Mathews-Sheets v. Astrue*. In that case, a social security disability claimant sought enhanced fees of $225 an hour, which she claimed was the prevailing market rate. 653 F.3d at 562. In its response brief, the government opposed any fee award in excess of $125 an hour. *Id*. In reply, the claimant then offered evidence of an increase in the cost of living, and calculated the inflation-adjusted statutory rate to be roughly $170. *Id*. at 563. The district court rejected this request for enhanced fees on the ground that information regarding the cost of living in the reply brief had been submitted "too late." *Id*. On appeal, we reversed, holding that the evidence of a cost-of-living increase was timely given that the government had "opened the way" for such a reply when it argued the requested award amount was too high. *Id*. We remanded for consideration of whether, in light of the petitioner's evidence of an increase in the cost of living, a fee enhancement was justified. *Id*. at 564.

While our holding in *Mathews-Sheets* turned on a procedural error, we discussed at some length what claimants seeking cost-of-living adjusted fees should establish before the district court. First, we stated that claimants had to point to something more than simply inflation; they had to demonstrate that the rate requested was justified because "inflation ha[d] increased the cost of providing adequate legal services to [the] person seeking relief against the government." 653 F.3d at 563. Second, we suggested that upon remand, the claimant in *Mathews-Sheets* would be required to show that "without a cost of living increase that would bring the fee award up to [the rate requested in the fee petition], a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id*. at 565.

With the benefit of hindsight, it is now clear that *Mathews-Sheets* demanded much more from EAJA claimants seeking inflation-adjusted attorney rates than our prior decisions had.. In the years prior to *Mathews-Sheets*, courts awarded cost-of-living adjustments as a matter of course "given the passage of time since the establishment of the hourly rate [in 1996]." *Warren v. Astrue*, No. 09-6498, 2010 WL 5110217, at *5 (N.D. Ill. Dec. 8, 2010) (quoting *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008)). Judges typically set hourly rates according to the Consumer Price Index, adjusting the statutory rate for inflation based upon the date in which the fees were incurred. *E.g., Hieu Thi Tran v. Astrue*, No. 09-4074, 2010 WL 3928482, at *1 n.2 (C.D. Ill. Sept. 23, 2010); *McDaniel v. Astrue,* No. 07-00642, 2009 WL 2762720, at *2 (S.D. Ind. Aug. 25, 2009); *Simms v. Astrue,* No. 08-00094, 2009 WL 1659809, at *7 (N.D. Ind. June 12, 2009).

We disrupted this straightforward approach for several reasons. EAJA fee enhancements, we explained, were not meant to be automatic. 653 F.3d at 563, 565. And, we reasoned, general markers of inflation like the CPI did not demonstrate how or whether inflation affected particular attorney's costs; as such, they could theoretically produce "windfalls" in some cases. *Id*. at 563. We also casted doubt on whether, as a general matter, the CPI should be used "over other inflation measures" absent proof of its appropriateness in any given case. *Id*.

While we made clear that something besides the CPI should be proffered by EAJA claimants, we gave little guidance as to what evidence would suffice to justify a cost-of-living adjustment, or how such adjustments should be calculated. As a result, district courts in this circuit have struggled to apply the *Mathews-Sheets* standard without making the EAJA fee award process too demanding, complex, and expensive. The results have been inconsistent and suggest that clearer guidance is needed. Some judges interpreted the decision as imposing upon claimants a "dual burden" of showing the effects of inflation on attorney costs and that no competent attorney could be found without the requested fee increase. *See Amey v. Astrue*, No. 09-2712, 2012 WL 4738985, at *3 (N.D. Ill. Oct. 2, 2012) (describing "dual burden" approach and denying inflation-adjusted rate); *Seabron v. Astrue*, No. 11-1078, 2012 WL 1985681, at *3 (N.D. Ill. June 4, 2012) (applying dual burden and granting inflation-adjusted rate); *Heichelbech v. Astrue*, No. 10-0065, 2011 WL 4452860, at *2 (S.D. Ind. Sept. 26, 2011) (applying dual burden and denying inflation-adjusted rate). Others rejected this strict interpretation in favor of the view that *Mathews-Sheets* only requires that claimants "present evidence showing a

general increase in attorney's fees in the relevant geographical area due to inflation, such that the legal market could not sustain an hourly rate of $125." *See e.g.*, *Just v. Astrue*, No. 11-1856, 2012 WL 2780142, at *2 (N.D. Ill. July 9, 2012) (granting inflation-adjusted rate); *Shipley v. Astrue*, No. 10-1311, 2012 WL 1898867, at *3-4 (S.D. Ind. May 23, 2012) (granting inflation-adjusted rate).

In the case presently before us, the district court took the position that *Mathews-Sheets* imposed upon Sprinkle the "dual" burden of showing the effects of inflation on his attorney's costs and that no competent attorney could be found for less than the rate requested. And, it agreed with the Commissioner that Sprinkle's evidentiary proffer—the CPI and six attorney affidavits attesting—failed to satisfy this high bar.

While the district court's award of attorney's fees was reasonable in light of our language in *Mathews-Sheets*, for a number of reasons, we make clear now that our interpretation of the EAJA's cost-of-living provision in that case—as requiring claimants to provide proof of the effects of inflation on attorney costs as well as evidence that no competent attorney could be found for less than the rate requested—was incorrect.

As an initial matter, in order to obtain a cost-of-living adjustment, a claimant need not prove the unavailability of competent counsel willing to take the case for less than the amount requested. This interpretation is consistent with the EAJA's text, which sets forth two, independent bases for achieving a fee enhancement: an increase in the cost of living "or" some other "special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28

U.S.C. § 2412(d)(2)(A)(ii). As the use of the disjunctive "or" makes clear, claimants need not show both. *See also Raines v. Shalala*, 44 F.3d 1355, 1361 (7th Cir. 1995) (under "special factor" test, court determines whether a case requires an identifiable practice specialty not easily acquired by reasonably competent attorney; "cost of living" is not a consideration); *Marcus v. Shalala*, 17 F.3d 1033, 1039 (7th Cir. 1994) (treating "increase in the cost of living" and "special factors" as alternative bases for enhanced fees under EAJA); *Castaneda-Castillo v. Holder*, 723 F.3d 48, 74-77 (1st Cir. 2013) (holding claimant was not entitled to enhanced fees under "special factor" provision, but was eligible for cost-of-living adjustment).

In addition, we find that EAJA claimants should not be required to prove the effect of inflation on their individual attorney's costs in order for a judge to find that an increase in the cost of living justifies a higher fee. The government's general measure of inflation (the CPI), which embodies considerable expertise and effort, is both more practical and more meaningful than a measure of the cost of providing legal services in one particular law office. Costs in a particular law office will vary in arbitrary and unpredictable ways. Sorting out those complexities in an evidentiary hearing would be both expensive and irrelevant to the text and purpose of the EAJA. The EAJA, like other federal fee-shifting statutes, contemplates that fee awards "shall be based upon prevailing market rates" paid by clients, not the costs paid by attorneys to rent offices, to buy computers and office equipment and supplies, or to pay their staffs. 28 U.S.C. § 2412(d)(2)(A); *see also Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 578-79 (2008) (holding EAJA allows claimants to recover fees incurred for paralegal services based on market rates for

such services, not their cost to attorneys); *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984) (holding fees under 42 U.S.C. § 1988 are to be calculated according to prevailing market rates, not attorney costs). Finally, we note that an evidentiary burden that would require evidence that no competent attorney could be found at the statutory rate is practically infeasible for litigants, administratively unworkable for courts, and out of step with the EAJA's purpose. How, after all, might a claimant prove that no competent attorney could be found at the statutory rate? Presumably, one would be forced to conduct some sort of sampling of a large cross section of lawyers in the area, resulting in EAJA fee hearings that would rival "in complexity a public utility commission's rate of return proceeding." *Sosebee v. Astrue*, 494 F.3d 583, 588 (7th Cir. 2007) (affirming that "proceeding to recover fees under the [Equal Access to Justice] Act is intended to be summary") (internal citations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation.").

Similar difficulties exist for proving the effects of inflation on individual attorney costs, as the Commissioner's position in this case makes clear. The Commissioner argues that because an attorney's costs might increase for any number of reasons (Westlaw upgrades, moving to a bigger office, etc.), claimants must submit business records, going back an unknown number of years, to prove the effect of inflation. Such an onerous requirement—which essentially requires EAJA claimants to engage in graduate-level economic analyses—flies in the face of the EAJA's purpose, which is to ensure that persons not be "deterred from seeking review of, or defending against, unreasonable government action because of the expense involved in securing the vindication of their

rights." *Sullivan v. Hudson*, 490 U.S. 877, 883 (1989) (quoting Pub. L. No. 96-481, 94 Stat. 2325 (1980)); *cf. Natural Res. Def. Council, Inc. v. USEPA*, 703 F.2d 700, 713 (3d Cir. 1983) ("[T]he cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process.").

So for these reasons, we overrule the standard set forth in *Mathews-Sheets* and clarify the burden for obtaining a cost-of-living adjustment under the EAJA.[1] Courts should generally award the inflation-adjusted rate according to the CPI,[2] using the date on which the legal services were performed. *See Tchemkou*, 517 F.3d at 512. This position is in line with the approach the majority of our sister circuits take when adjudicating requests for enhanced fees based upon an increase in the cost of living under the EAJA. *See Castaneda-Castillo v. Holder*, 723 F.3d 48, 76 (1st Cir. 2013) (adjusting "the $125 statutory cap to reflect the increase in the cost of living" according to the CPI–U); *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) (agreeing with "almost every court that has

---

[1] Because our opinion has the effect of changing the approach we have taken to EAJA fee petitions, it was circulated to the full court pursuant to Circuit Rule 40(e). No judge favored a rehearing en banc on the question of overruling *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011).

[2] Courts in this circuit have relied both upon the Consumer Price Index-All Urban Consumers ("CPI-U"), which is a national index, and region-specific indices. *Compare Hamrick v. Astrue*, No. 09-00179, 2010 WL 3862464, at *3-4 (N.D. Ind. Sept. 27, 2010) (applying CPI-U), *with Stokes v. Astrue*, No. 09-0972, 2010 WL 4687806, at *1 (S.D. Ind. Nov. 10, 2010) (applying "Midwest Urban" CPI). We do not resolve this split and leave to the discretion of the district courts whether to adopt the national or regional index in specific cases.

applied … subsection [2412(d)(2)(A) of the EAJA] … that 'cost of living' … is properly measured by the Consumer Price Index"); *Garcia v. Schweiker*, 829 F.2d 396, 401 (3d Cir. 1987) ("The Consumer Price Index may be used in determining cost of living adjustments under the EAJA."); *Sullivan v. Sullivan*, 958 F.2d 574, 576 (4th Cir. 1992) (holding the EAJA "requires the use of a broad cost-of-living index," such as the CPI-U); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (holding the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than" the statutory cap) (internal citation omitted); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005) ("[A]ppropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure … ("CPI-U") for the years in which counsel's work was performed."); *Am. Wrecking Corp. v. Sec'y of Labor*, 364 F.3d 321, 330 (D.C. Cir. 2004) (approving use of the CPI as "inflation calculator" for EAJA cost-of-living adjustments). *But see Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (finding submission of the CPI is "not enough" to obtain a cost-of-living adjustment); *Lopez v. Astrue*, 236 Fed. App'x 106, 107 (5th Cir. 2007) (unpublished) ("[D]istrict court did not err by refusing to apply the CPI-U…").

This does not create an automatic entitlement to fee enhancements. It simply recognizes that the EAJA's language about "the cost of living" reflects an assumption that general measures like the CPI will provide a reasonably accurate measure of the need for an inflation adjustment in most cases. That assumption is consistent with the goal of keeping EAJA fee proceedings relatively simple, rather than having them resemble utility rate proceedings. If the government

believes for some reason that the CPI does not accurately reflect what has happened in a particular legal market, it can if it wishes offer evidence to that effect.

While the CPI suffices as proof of an increase in the cost of living, claimants must still produce satisfactory evidence that the increase in the cost of living "justifies" the rate requested. 28 U.S.C. § 2412(d)(2)(A)(ii). So claimants must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience. The affidavits submitted in this case are more than sufficient for this purpose. Indeed, a district court might find, in its discretion, a single sworn statement from a claimant's attorney, setting forth the prevailing market rate, to be sufficient in some cases. But to avoid the possibility of a "windfall," courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services. *See Brungardt v. Comm'r of Soc. Sec.*, 234 Fed. App'x 889, 891 (11th Cir. 2007) (unpublished) (per curiam) (approving district court's decision "to account for the cost of living" in its fee award, "but not to exceed the fair market rate").

### III. CONCLUSION

The judgment of the district court is VACATED, and this case is REMANDED for further proceedings consistent with this opinion.