RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0296p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DARLA CLARK,

　　　　　　　　　　　*Plaintiff-Appellant,*

　　*v.*

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　　　　*Defendant-Appellee.*

No. 16-5393

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:15-cv-00015—H. Brent Brennenstuhl, Magistrate Judge.

Decided and Filed:  November 29, 2016[*]

Before: MOORE and CLAY, Circuit Judges; HOOD, District Judge.[**]

_____

## COUNSEL

**ON BRIEF:**  Paul B. Eaglin, OLINSKY LAW GROUP, Syracuse, New York, for Appellant. Brian J. Alesia, SOCIAL SECURITY ADMINISTRATION, Chicago, Illinois, for Appellee.

_____

## OPINION

_____

　　　　HOOD, District Judge. Plaintiff-Appellant Darla Clark ("Clark" or "Plaintiff") appeals the decision of the district court granting in part and denying in part her motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(A), arguing that the

---

[*] This decision was originally issued as an unpublished opinion filed on November 29, 2016.  The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

district court abused its discretion when it declined to award attorney fees at the adjusted hourly rate as she requested. For the reasons stated below, we **AFFIRM**.

**I.**

On January 8, 2016, Clark filed a sworn motion for attorney fees under the EAJA, seeking $6,790.52 in fees.[1] The total represented 34.75 attorney hours multiplied by an hourly rate of $176.13, plus 6.70 paralegal hours multiplied by an hourly rate of $100. The hourly rate exceeded the $125 rate provided for under the EAJA, but Clark argued that her counsel should receive a cost of living adjustment. In her motion, Clark calculated the cost of living adjustment by relying on the United States Bureau of Labor Statistics Consumer Price Index ("CPI") for "Midwest Urban Consumers," which she argued was the CPI "for this region." The CPI was the sole evidence upon which she relied in her request for the adjusted rate. The Commissioner objected to the enhanced rate. Citing *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009), the Commissioner argued that referring to the cost of living and relying on the CPI was not sufficient to justify an hourly rate higher than the cap set forth in the EAJA. Rather, she argued that satisfactory evidence in addition to the attorney's affidavit was required to support a conclusion that the requested rate was in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. The Commissioner requested that the Court award EAJA fees at a rate of no more than $140, which she identified as the current reasonable and customary rate for experienced Social Security practitioners in the Western District of Kentucky based on decisions in other matters.

Only in her reply did Clark attach a declaration from her attorney, Howard D. Olinsky, in which he stated that he had practiced disability law from his Syracuse, New York, office for several years and provided his firm's non-contingent hourly rate. Clark argued for the first time that, in *Glenn v. Commissioner of Social Security*, 763 F.3d 494 (6th Cir. 2014), this Court had concluded that Olinsky's requested rate of $176.13 was modest and appeared to be reasonable

---

[1]In the proceeding below, the district court reversed the Commissioner's denial of benefits and remanded the case for a new hearing and decision upon the joint motion of the parties. Plaintiff's motion for attorney fees under the EAJA was filed after a successful prosecution of the claim at the administrative level.

and that several other courts of appeal have held that citing to the CPI alone was sufficient to justify an enhanced hourly rate above the statutory cap.

The district court granted an award of fees but denied the requested rate on March 15, 2016, concluding that the hourly rate was inappropriate because, under *Bryant*, the CPI alone is insufficient to satisfy the Plaintiff's burden to produce appropriate evidence to support an increased rate in the absence of evidence that the rate requested was in line with that charged by comparable attorneys in Bowling Green, Kentucky. The Court concluded, as well, that the Court of Appeals' comments in *Glenn* were dicta and did not address the issue of whether the rate requested by Clark was in-line with that charged by similar attorneys in Bowling Green, Kentucky. Rather, the district court determined that the Commissioner had provided sufficient evidence from a line of Western District of Kentucky cases showing that $140 was the prevailing market rate for hourly work by experienced Social Security practitioners in the Western District of Kentucky. An hourly rate of $140 was awarded.

Plaintiff filed a timely appeal of the decision on March 25, 2016, and this Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

This Court reviews a decision on an application under the EAJA, including the district court's determination of whether a request for fees is reasonable, for an abuse of discretion. *Bryant*, 578 F.3d at 445 (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984); *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578 (6th Cir. 2005)). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

## III.

Under the EAJA, the hourly rate for attorney fees is capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.

§ 2412(d)(2)(A). The rate of $125 is "a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). When requesting an increase in the hourly fee rate above the statutory cap, a plaintiff "bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450 (citing *Blum*, 465 U.S. at 898). This Court has held that reference to the CPI, alone, is insufficient to sustain that burden and that "[p]laintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (quoting *Blum*, 465 U.S. at 895 n.11). Evidence of rates outside of the relevant jurisdiction provide no evidence of the prevailing rates within a given community for attorneys of comparable skill, experience, and reputation. *See id.*[2]

In support of her motion for attorney fees, Clark submitted a half-page calculation of her fees using the Midwest Urban CPI to reach an adjusted hourly rate of $176.13 per hour and, in support of her reply brief, a declaration concerning attorney Olinsky's experience and his non-contingent hourly rate in Syracuse, New York. The record below contains no discussion, let alone evidence, of the rate that comparably experienced Social Security practitioners command in Bowling Green, Kentucky, save awards referenced in other cases in that district.

Plaintiff presents two arguments in support of her contention that the district court erred. Clark contended below and argues on appeal that this Court's decision in *Glenn*, which describes Olinsky's requested hourly rate of $171.06 in that case as "modest" and "appear[ed] to be reasonable[,]" controls the cost of living adjustment which should be applied. 763 F.3d at 497 n.3. The district court concluded, however, that *Glenn* was not dispositive because it was concerned with whether the Commissioner's position was substantially justified, not the rate recoverable by counsel, which was referenced only in dicta. Further, *Glenn* addressed work performed in a case in the Eastern District of Michigan, not the Western District of Kentucky.

---

[2]We note that the Commissioner also references this Court's unpublished decision in *Gay v. Commissioner of Social Security*, No. 13-2575, at 4–5 (6th Cir. Aug. 7, 2014), as an example of a case where evidence of rates charged in Illinois and Wisconsin for Social Security work or for work in the local area on ERISA cases was insufficient to determine prevailing market rate for Social Security work in the Eastern District of Michigan and that, under *Bryant*, reference to the CPI with nothing else was insufficient to justify an increase in the hourly rate.

We conclude that the dicta in *Glenn* has no bearing on the decision at hand for the same reasons as articulated by the district court.

Additionally and at greater length, Clark argues that the language of the EAJA supports her position that the CPI alone can support a claim for a particular hourly rate due to the increased cost of living and cites a series of cases for the proposition that the "prevailing market rate" has nothing to do with a cost of living increase.[3] She argues that the district court erred when it conflated the two concepts and that, in fact, once a court concludes that some amount greater than $125 per hour is the "prevailing market rate," then the cost of living adjustment may be made without reference to the going rate of practice in the local area. Thus, she urges us to conclude that the district court lacked the authority to arbitrarily set the amount of the cost of living adjustment or require additional proof beyond that submitted.

Clark provides an extensive review of case law from across the circuits to show that many courts have recognized the validity of using the CPI to determine whether inflation demands an increase in the maximum allowable fee beyond the $125 statutory cap. For example, in *Castaneda-Castillo v. Holder*, 723 F.3d 48, 76–77 (1st Cir. 2013), the United States Court of Appeals for the First Circuit used the regional CPI to calculate the cost of living adjustment where the government did not object to calculating the hourly attorney rate based on that number. By contrast, in *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992), the United States Court of Appeals for the Second Circuit rejected the district court's holding that the "maximum hourly rate should be increased to take into account the prevailing market rate for legal services," held that the "cost of living" should be measured using the CPI, and determined that the *statutory cap*—not the award itself—should be adjusted for general inflation by the district court by referencing the CPI before reaching a determination on fees. In *DeWalt v. Sullivan*, 963 F.2d 27, 29–30 (3d Cir. 1992), the United States Court of Appeals for the Third

---

[3]The Commissioner argues that Clark makes this argument for the first time on appeal and that we should consider the issue waived. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990); *Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x. 336, 344 (6th Cir. 2008)) (holding that an appellant waives any challenges not raised before the district court and raised for the first time on appeal). We are not persuaded and conclude that, in this instance, the issues directly addressed in this appeal could be understood as raised below under the umbrella of what rate should apply, even if Clark did so inartfully and even if she is citing certain cases for her position for the first time on appeal.

Circuit held that the statutory cap—not necessarily the hourly fee awarded—should be evaluated and increased using the CPI-ALL to adjust for inflation.[4]

As suggested above, these cases do not universally stand for the proposition that a district court must award the maximum amount possible once the statutory cap is increased to reflect the cost of living adjustment, perhaps with reference to the CPI. For example, in *Sprinkle v. Colvin*, 777 F.3d 421, 428–29 (7th Cir. 2015), the United States Court of Appeals for the Seventh Circuit concluded that, while the CPI was a more practical and meaningful measure of the cost of providing legal services than requiring litigants to provide proof of the effects of inflation on the requested attorneys' costs, the EAJA contemplates that fee awards should be based upon prevailing market rates paid by clients, not costs paid by attorneys. *Id.* Thus, while the CPI provides a reasonably accurate measure of the need for inflation adjustment to the statutory cap in most cases, under *Sprinkle*, a plaintiff must still produce evidence that the rate they request is in line with those rates prevailing in the community for similar services by lawyers of comparable skill and experience in order to justify the increase. *Id.* at 429 (holding that "to avoid the possibility of a 'windfall,' courts may not award an inflation-adjusted rate that is higher than the prevailing market rate in the community for comparable legal services.").

---

[4]*See also Sullivan v. Sullivan*, 958 F.2d 574, 575–78 (4th Cir. 1992) (same); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (explaining that, while not absolutely required, adjustment for cost of living is a factor to be considered in evaluating requests under the EAJA within district court's discretion); *Yoes v. Barnhart*, 467 F.3d 426, 427 (5th Cir. 2006) (declining to require uniform cost of living adjustments throughout each district noting, among other things, the varying costs of living among cities in each district and explaining that the EAJA factors are market-based); *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that where EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney fees of more than statutory cap, enhanced fees should be awarded but that district court should consider any circumstances that would render a cost-of-living increase unjust or improper, citing as an example the situation where petitioner's counsel ordinarily charges a fee no greater than the statutory cap per hour which would preclude a cost-of-living increase above that amount); *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005) (holding that appropriate cost-of-living increases are calculated by multiplying $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for the effective date of the statutory cap and awarding adjusted statutory maximum); *Meyer v. Sullivan*, 958 F.2d 1029, 1031 (11th Cir. 1992) (remanding case to determine district court's rationale for declining to apply cost-of-living escalator but stating that district courts had discretion to apply cost-of-living escalator where necessary in order to determine if market rate for fees was to be awarded or whether adjusted cap would be awarded); *but see Headlee v. Bowen*, 869 F.2d 548, 552 (10th Cir. 1989) (holding that is in the sound discretion of district court to determine whether CPI alone constitutes sufficient evidence to support raising the statutory cap for cost of living adjustment purposes).

Clark further argues that a conclusion that she failed to meet her burden under *Bryant* conflates the issues of what the lodestar calculation should be and whether a cost of living adjustment is justified. She argues that the "appropriate evidence" or "satisfactory evidence" requirement announced in *Bryant* only applies in cases where the district court caps the fee award at the statutory ceiling of $125 per hour because the "prevailing market rates for the kind and quality of the services furnished" under 28 U.S.C. § 2412(d)(2)(A) exceeds $125 and not in cases, such as the present case, where the district court decides to exceed the EAJA cap in its award. Arguably, she is correct, but that does not suggest that the district court reached an erroneous conclusion.

In this instance, the district court determined that there are reasons to award some amount greater than $125 per hour, including the fact that prevailing rates in the community, as recognized by the court, exceed this amount and that evidence from the CPI indicates that the cost of services has increased. This does not mean, however, that the district court could only reasonably conclude that Plaintiff had met her burden to support the full amount of the award requested where she provided only the CPI and her attorney's affidavit that referenced a different locality from Bowling Green, Kentucky. Clark's argument runs roughshod over the statutory requirement that the "amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). *Bryant* teaches that there must be some understanding of the rates charged locally before a district court can adjust for cost of living or other factors. The Commissioner argues, albeit somewhat indirectly, that the emphasis on local geographic rates discussed in *Bryant* is still relevant once a cost of living adjustment is used to raise the cap on the award that must be made. We agree.

To the extent that Clark wishes for us to "clarify" the decision in *Bryant*, we may do so while leaving that decision in intact and while affirming the district court's decision. We conclude that the district court acted within its discretion when it awarded Clark attorney fees at a rate of $140 per hour, although perhaps it might have better articulated how it was adjusting the statutory cap. For example, it might have done so by recognizing its use of the CPI in an upward adjustment of the statutory cap based on the cost of living but declining to award an amount equal to that cap in the absence of any evidence that the full amount would be the prevailing

market rate for attorneys of comparable skill, experience, and reputation in Bowling Green, Kentucky, as presented by the Commissioner.  Nonetheless, it is clear that the district court did not abuse its discretion in awarding Clark an attorney fee calculated on a rate of $140 per hour, and we **AFFIRM** the decision of the district court.