# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2023

Lyle W. Cayce
Clerk

No. 19-60647

GISCARD NKENGLEFAC,

*Petitioner*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review from an Order of the
the Board of Immigration Appeals
BIA No. A216 591 99

PUBLISHED ORDER

Before HIGGINSON, WILLETT, and HO, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:

On May 18, 2022, this court granted Giscard Nkenglefac's petition for review of the Board of Immigration Appeals's (BIA) dismissal of petitioner's appeal from the immigration judge's (IJ) denial of his application for relief from removal. *See Nkenglefac v. Garland*, 34 F.4th 422, 430 (2022). Because the IJ's adverse credibility determination was not supported by evidence in the record, we determined that the BIA erred in affirming it and remanded

the case to the BIA. The petitioner filed a timely application for attorneys' fees under the Equal Access to Justice Act (EAJA). We find that petitioner is entitled to attorneys' fees under the EAJA and award $56,169.79.

I.

The EAJA provides that federal courts shall award fees to the prevailing private party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government does not contest that Nkenglefac was the prevailing party, nor does it argue that special circumstances exist that would make the award of EAJA fees unjust. Therefore, only the application of the "substantially justified" condition is at issue in this case.

Under the EAJA, the "position of the United States" encompasses both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). Therefore, the government's position includes the underlying decisions of the IJ and the BIA as well as "the government's litigation position defending the agency action." *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (quoting *Sylejmani v. Barr*, 768 Fed. App'x 212, 218 (5th Cir. 2019)).

The government bears the burden in demonstrating that its position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). We must evaluate the government's position under the totality of the circumstances, meaning that "if the government's position as a whole was reasonable, a prevailing party may not recover EAJA fees even though some of the government's actions or arguments were without merit." *W.M.V.C*, 926 F.3d at 210.

2

As explained in our decision, binding precedent provides that "an adverse credibility determination . . . 'must be supported by specific and cogent reasons derived *from the record*.'" 34 F.4th at 428-29 (quoting *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018)) (emphasis added).

Here, the IJ made an adverse credibility determination based on summaries of the petitioner's Custom and Border Patrol (CBP) and credible fear interviews, which were neither referred to during the immigration hearing nor entered into evidence during the hearing. The BIA affirmed the IJ's adverse credibility determination based on alleged inconsistencies in Nkenglefac's credible fear interview, despite finding that Nkenglefac's interviews with asylum officers and border patrol officers were not introduced into the record. The positions of the IJ and BIA, which were dispositive of their decisions, were in contravention of BIA and Fifth Circuit case law and therefore not substantially justified.

On appeal to our court, the government modified its position in part and argued that while the interviews were not entered into the evidentiary record during the merits hearing, DHS had previously submitted them to the immigration court and they were thus part of the agency's physical record. This position contradicted the BIA panel's finding that Nkenglefac's interviews with asylum officers and border patrol officers were not introduced into the record.

Because we find that the government's position was not substantially justified at each stage of this litigation, the petitioner is entitled to attorneys' fees and costs under the EAJA.

## II.

We now turn to the rates sought by petitioner.

### A.

The EAJA provides that an attorney's rate shall not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Petitioner requests both a cost-of-living adjustment and an additional $200 an hour above the inflation-adjusted statutory rate, arguing that "special factors" exist to justify a higher hourly rate.

We first address petitioner's argument that the statutory rate, amended to $125/hr in 1996, should be adjusted to match increases in the national Consumer Price Index-Urban (CPI-U), which he posits would be $205.25 for 2019, $207.78 for 2020, and $230.21 for 2022. The government argues that counsel is not entitled to an adjusted statutory rate but contends that if the rate is to be adjusted, counsel is only entitled to an increase that matches regional cost-of-living increases. Using the U.S. Bureau of Labor Statistic's CPI-U database for the South, the government calculates the inflation-adjusted rates as follows: $194.36 for 2019, $196.37 for 2020, and $220.66 for 2022.

In *Baker v. Bowen*, our court explained that while the EAJA does not require a cost-of-living adjustment to the hourly rate, "if there is a significant difference in the cost of living since [enactment of the statute] in a particular locale that would justify an increase in the fee, then an increase should be granted." 839 F.2d 1075, 1084 (5th Cir. 1988); *see also Washington v. Barnhart*, 93 F. App'x 630, 631 (5th Cir. 2004) (per curiam) ("[E]xcept in unusual circumstances, if there has been a significant increase in the cost of living that would justify an increase in the fee, the increase should be granted even though the ultimate award need not track the cost-of-living index."). As petitioner concedes in his brief, our court has not adopted the national CPI-U as the appropriate standard and has rejected even the proposition that a uniform cost-of-living adjustment should exist within each

judicial district. *Yoes v. Barnhart*, 467 F.3d 426, 427 (5th Cir. 2006) (per curiam).

Consistent with *Yoes* and *Baker*, we decline to utilize the national CPI-U and, in the absence of more specific data, we apply the CPI-U for the South as calculated by the government relying upon U.S. Bureau of Labor statistics: $194.36 for 2019, $196.37 for 2020, and $220.66 for 2022.[1]

We now turn to petitioner's argument that "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." In *Pierce v. Underwood*, the Supreme Court explained that "qualified attorneys for the proceedings" refers to attorneys who have "distinctive knowledge or specialized skill needful for the litigation in question," such as patent law or knowledge of a foreign language. 487 U.S. 552, 572 (1988). Our court has explained that the special factor inquiry involves:

> (1) whether the attorneys had a specialized skill that was necessary to the litigation; (2) whether the number of attorneys with such skill was so limited that litigants with potentially valid claims were unable to obtain counsel; and (3) whether an increased fee award would have reduced this shortage.

*Est. of Cervin v. Comm'r*, 200 F.3d 351, 353–54 (5th Cir. 2000).

Petitioner claims that counsel's specialized skill in immigration law—namely his focus on the representation of detained immigrants, his teaching

---

[1] The database is available at U.S. Bureau of Labor Statistics, *Databases, Tables & Calculators by Subject, CPI for Urban Consumers, Southern Region* https://data.bls.gov/timeseries/CUURN300SA0?amp%%20253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited January 11, 2023) (extrapolating rates based on inflation rate over same period).

experience, and other bar recognitions—paired with the limited availability of attorneys to represent detained immigrants in Louisiana, justify a higher rate.

Our court has previously declined to treat skill in immigration law as a special factor that warrants an upward departure from the EAJA statutory rate. *Perales v. Casillas*, 950 F.2d 1066, 1078–79 (5th Cir. 1992). While petitioner notes that that the Ninth Circuit has held that a specialty *within* immigration law could qualify as a special factor, *see Rueda-Menicucci v. I.N.S.*, 132 F.3d 493, 496 (9th Cir. 1997) and *Nadarajah v. Holder*, 569 F.3d 906, 914 (9th Cir. 2009), we need not to reach that question here because petitioner has not shown that counsel's immigration expertise in detention law was "needful for the litigation in question." This case boiled down to whether the BIA erred in making an adverse credibility determination. Counsel is only entitled to EAJA fees because the government's position was not substantially justified in light of settled BIA and Fifth Circuit case law. Because counsel has failed to demonstrate a "distinctive knowledge or specialized skill" that was *necessary* for this litigation, we do not reach the second and third factors relating to the availability of qualified attorneys. We therefore find that the EAJA statutory rate, adjusted for regional cost of living increases, adequately compensates counsel for the work performed.

## B.

Petitioner also seeks fees for work performed by paralegal Emma Morley. In *Richlin Sec. Serv. Co. v. Chertoff*, the Supreme Court held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." 553 U.S. 571, 590 (2008). Petitioner argues that Morley is entitled to the statutory rate for attorneys, adjusted for inflation, because of her qualifications and the substantive work she performed, such as drafting the initial brief. The

government recommends an hourly rate of $75/hr, citing two Louisiana Western district court cases.

Because the Supreme Court has established that paralegals are entitled to prevailing market rates, petitioner's argument that Morley is entitled to the statutory attorney rate, which is not supported by any cited caselaw, is unpersuasive. Petitioner also fails to provide information regarding prevailing market rates for paralegals within Louisiana. A review of district court cases analyzing the prevailing rate for paralegals in Louisiana under the EAJA reveals a range of $75/hr to $100/hr.[2] In light of Morley's experience and qualifications, a rate of $100/hr appears appropriate.

III.

---

[2] Most of the case law surrounding the prevailing market rates for paralegals under the EAJA originate in the social security context, where the range in Louisiana federal courts is between $75/hr and $100/hr. *See, e.g.*, *Bellard v. Astrue*, No. 09-CV-1603, 2011 WL 1868796, at *5 (W.D. La. May 16, 2011) (finding that the prevailing market rate for paralegals is $60/hr to $80/hr); *Phillips v. Astrue*, No. 6:10-CV-01523, 2012 WL 1867267, at *1 (W.D. La. May 21, 2012) (finding $75/hr a reasonable paralegal rate); *Craig v. Colvin*, No. CV 15-583-JJB-EWD, 2016 WL 4689044, at *1 (M.D. La. Sept. 6, 2016) (approving $75/hr for paralegal time); *Rogers on behalf of Rogers v. Comm'r of Soc. Sec. Admin.*, No. 6:20-CV-00488, 2021 WL 3355555, at *4 (W.D. La. Aug. 2, 2021) (stating that $100/hr is the prevailing rate for a paralegal in that market).

In other civil cases where district courts have recently assessed the prevailing market rates for paralegals, the rate ranges between $75/hr and $125/hr. *See, e.g.*, *Nelson v. Constant*, No. CV 17-14581, 2021 WL 76407, at *5 (E.D. La. Jan. 8, 2021) (approving $100/hr for an investigative paralegal); *United States ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (awarding $125/hr for the work of a paralegal); *Smith v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist.*, No. CV 17-7267, 2019 WL 7580771, at *6 (E.D. La. Sept. 5, 2019), *report and recommendation adopted*, No. CV 17-7267, 2019 WL 7580772 (E.D. La. Oct. 1, 2019) (approving an hourly rate of $100/hr); *Mark v. Sunshine Plaza, Inc.*, No. CV 16-455, 2018 WL 1282414, at *4 (E.D. La. Mar. 12, 2018), *report and recommendation adopted*, No. CV 16-455, 2018 WL 1960022 (E.D. La. Apr. 26, 2018) (awarding the requested $75/hr for the work of a paralegal).

As we have determined that petitioner is entitled to attorneys' fees and costs under the EAJA and have set hourly rates for work performed by counsel and his paralegal, we turn to the reasonableness of time claimed.[3]

We first express concerns regarding the accuracy of the time claimed by counsel and Morley, who work for a pro bono legal organization, Immigration Services and Legal Advocacy ("ISLA").[4] Counsel and Morley acknowledge in their affidavits in support that their claimed hours are "a best estimate based on [their] recollection[s] as well as contemporaneous progress notes and logs." The entries, especially Morley's, lack detail and are often not broken down by day. Nevertheless, we have reviewed the record, including the submitted affidavits, and find the time claimed by counsel and Morley reasonable.

---

[3] In opposition, the government argues that counsel should only be compensated for time expended on the single argument for which he prevailed: the BIA's reliance on the CBP and credible fear interviews that were not entered into the record. We disagree with the government's assertion that petitioner's other arguments were so distinct from the argument for which we granted relief that they should be excised from a fee award.

[4] Petitioner was represented by ILSA, the pro bono immigration organization for which counsel and Morley worked. Under the EAJA, a party can only recover attorneys' fees once they have been incurred, *see* 28 U.S.C. § 2412(d)(1)(A); however, the statute does not define "incurred." In *United States v. Claro*, our court grappled with the definition, finding that "incurred" generally means "when the litigant has a legal obligation to pay them." 579 F.3d 452, 464 (5th Cir. 2009). However, in *Claro*, we noted favorably that other courts have recognized exceptional circumstances in which the award of attorneys' fees was not contingent on the obligation to pay counsel, such as when the prevailing party is represented by a pro bono or legal services organization. *Id.* at 465. Our court explained that both the legislative intent and policy justifications support extending EAJA awards to pro bono organizations. *Id.* Consistent with *Claro*, the government does not challenge petitioner's eligibility to recover fees when work was performed by a pro bono organization.

Therefore, we award $33,819.79 for work performed by counsel[5] and $22,350 for work performed by Emma Morley (223.50 hours at $100/hr).

## IV.

We GRANT in part Nkenglefac's application for attorneys' fees and enter an award in the amount of $56,169.79.

---

[5] Consistent with the approved rate and the reductions outlined above, counsel's fees award is broken down as follows:

| Year | Approved Rate | Approved Hours | Total |
|------|---------------|----------------|-------|
| 2019 | $194.36 | 29.4 hours | $5,714.18 |
| 2020 | $196.37 | 3.9 hours | $765.84 |
| 2022 | $220.66 | 123.9 hours | $27,339.77 |